

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00195-CR

---

JASON DEARMOND                            APPELLANT

V.

THE STATE OF TEXAS                          STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
### TRIAL COURT NO. CR-2014-08239-D

----------

## DISSENTING OPINION

----------

The arresting officer testified that he stopped Appellant both (1) for violating the transportation code by driving with one or two flat tires (the number is unclear) and (2) in the officer's role as a community caretaker because the officer thought Appellant might need help. The majority also conflates these two justifications. As the Texas Court of Criminal Appeals has explained in

discussing the community-caretaking function as an exception to the warrant requirement, the law is well established that

> as a part of his duty to serve and protect, a police officer may stop and assist an individual whom a reasonable person, given the totality of the circumstances, would believe is in need of help. However, a police officer may not properly invoke his community caretaking function if he is primarily motivated by a non-community caretaking purpose. Whether an officer properly invoked his community-caretaking function requires a two-step inquiry: (1) whether the officer was primarily motivated by a community-caretaking purpose; and (2) whether the officer's belief that the individual needs help was reasonable.[1]

Indeed, this court has recognized that "[t]he community caretaking function . . . is totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute."[2]

The trial court and the majority agreed that the officer stopped Appellant, in part, because he believed (1) that Appellant had violated the transportation code prohibition against driving a dangerous car[3] and (2) that because Appellant was violating the law by driving with a flat tire, he might need help, triggering a community-caretaking response. Appellant argued that a specific statute addresses driving with a flat tire; that violation of the statute requires the metal

---

[1]*Gonzales v. State*, 369 S.W.3d 851, 854–55 (Tex. Crim. App. 2012) (citations and internal quotation marks omitted).

[2]*Hernandez v. State*, 376 S.W.3d 863, 874 (Tex. App.—Fort Worth 2012, no pet.) (citations and internal quotation marks omitted) (relying on *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S. Ct. 2523, 2528 (1973), and *Corbin v. State*, 85 S.W.3d 272, 276–77 (Tex. Crim. App. 2002)).

[3]*See* Tex. Transp. Code Ann. § 547.004(a)(1) (West 2011).

rim of the tire to touch the pavement;[4] and that the record is clear that the tire, not the rim, was contacting the pavement, requiring a finding that there was no reasonable suspicion to support the officer's decision to stop Appellant for a traffic violation. At the same time, though, because the officer's actions taken in fulfilling his community-caretaking function were not totally divorced from crime detection, nor even the primary justification for the detention, community caretaking cannot justify the stop.

Because the majority does not address the true issues in this case, I must respectfully dissent.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: March 3, 2016

---

[4]*See id.* § 547.612.